matters as to which their testimony would have related, according to the motion for continuance, were matters as to which they would not have known anything if they had not been present, it is plain that the motion for continuance relates to one transaction, and the case, as tried, to another.

There was ample evidence to authorize the conviction of the accused, and we find no valid reason in the record for reversing the judgment. *Judgment affirmed.*

---

### 3154. COWART *v.* THE STATE.

HILL, C. J. 1. Under the evidence in the case, as shown by the brief of evidence, and in view of the contention of counsel, according to the marginal note of the judge verifying the grounds of the motion for a new trial, the judge was fully justified in instructing the jury to the effect that no opprobrious words or abusive language would justify an assault and battery, unless uttered in the presence of the accused. *Berry* v. *State,* 105 *Ga.* 683 (31 S. E. 592).

2. No error of law appears, and the verdict is supported by the evidence.
*Judgment affirmed.*

DECIDED APRIL 3, 1911.

Indictment for assault and battery; from Miller superior court—Judge Worrill. December 15, 1910.

*W. I. Geer,* for plaintiff in error.

*J. A. Laing, solicitor-general, R. R. Arnold,* contra.

---

### 3155. WILLIAMS *v.* THE STATE.

POWELL, J. There being no proof of venue, the judgment must be reversed.
*Judgment reversed.*

DECIDED APRIL 3, 1911.

Accusation of larceny; from city court of Miller county—Judge Bush. December 24, 1910.

*W. I. Geer,* for plaintiff in error. *P. D. Rich, solicitor,* contra.